IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY HENRY NEIBERGER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-CV-0430-JED-JFJ |
| LUKE PETTIGREW, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Tracy Henry Neiberger, a state inmate appearing *pro se*,[1] commenced this action in August 2020, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). Before the Court is Respondent Luke Pettigrew's motion (Doc. 7) to dismiss the petition as an unauthorized second or successive habeas petition. Neiberger did not file a response. Having considered the dismissal motion and Pettigrew's supporting brief (Doc. 8), the Court finds that the petition is an unauthorized second § 2254 petition, grants Pettigrew's motion, and dismisses the petition, without prejudice, for lack of jurisdiction.

I.

Neiberger seeks federal habeas relief from the criminal judgment entered against him in the District Court of Tulsa County, Case No. 2002-1899. Doc. 1, at 1.[2] There, Neiberger pleaded guilty to four counts of robbery by force and one count of attempted robbery by force, all after former conviction of two or more felonies. Doc. 1, at 1; Doc. 8, at 6; Doc. 8-1. The trial court

---

[1] Because Neiberger appears without counsel, the Court liberally construes his petition. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

sentenced Neiberger to serve consecutive prison terms of 35 years, 40 years, 25 years, 45 years and 50 years. Doc. 8, at 6-7; Doc. 8-1. Neiberger filed a certiorari appeal and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on April 25, 2003. Doc. 8, at 7; Doc. 8-3. Neiberger did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Doc. 1, at 3; Doc. 8, at 7. In 2011 and in 2013, Neiberger unsuccessfully sought postconviction relief in state court. Docs. 8-4, 8-5, 86, 8-7, 8-8.

In November 2013, Neiberger filed a § 2254 petition in this court, seeking federal habeas relief from the same criminal judgment at issue in this action. *See Neiberger v. McCollum*, No. 13-CV-751-GKF-tlw, 2014 WL 1806319, at *1 (N.D. Okla. May 7, 2014). This court found that the eight claims Neiberger asserted in the prior § 2254 petition were barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and dismissed the petition, with prejudice. *Id.* at *2-5. Neiberger filed an appeal, and the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied his request for a certificate of appealability and dismissed the appeal. *See Neiberger v. McCollum*, 577 F. App'x 850 (10th Cir. 2014) (unpublished).

Neiberger filed the instant § 2254 petition on August 18, 2020. Doc. 1, at 14; Doc. 2, at 1 n.2. Generously construing the petition, it appears that Neiberger asserts three claims: (1) he was deprived of his Sixth Amendment right to the effective assistance of counsel, (2) the State of Oklahoma violated his constitutional rights to due process and equal protection because, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Sharp v. Murphy*, 140 S. Ct. 2412 (2020), the State lacked jurisdiction to prosecute him for crimes he committed in "Indian Territory," and (3) the trial court imposed an "illegal" sentence when it relied on his prior Tulsa County convictions, which are now unlawful in light of *McGirt*, to enhance his sentences    Doc. 1, at 5-7.

## II.

Citing 28 U.S.C. § 2244(b), Pettigrew contends that the instant petition should be dismissed because it is an unauthorized "second or successive" petition and this Court therefore lacks jurisdiction to consider it. Doc. 8, at 8-10. For three reasons, the Court agrees.

First, as Pettigrew contends, the instant petition is Neiberger's second § 2254 petition. And while at least some of his claims appear to be new because they are based on the United States Supreme Court's decisions in *McGirt* and *Murphy*, Neiberger nevertheless challenges the same criminal judgment that he collaterally attacked through the § 2254 petition he filed in 2013. As a result, the instant § 2254 petition is a "second or successive" petition within the meaning of § 2244(b). *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding that second-in-time § 2254 petition was second or successive under § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court").

Second, the instant petition is unauthorized. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013).[3] As relevant here, new claims

> presented in a second or successive habeas corpus application under section 2254 that [were] not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant

---

[3] Sections 2244 and 2254 use the term "application" rather than "petition." But case law often uses both terms interchangeably. The Court does so here as well.

3

guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, before a petitioner files a second or successive § 2254 petition in federal district court, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In considering whether to authorize the filing of a second or successive habeas petition, the court of appeals must decide whether the petitioner has made a *prima facie* showing that the claims in the petition satisfy § 2244(b)'s requirements. *See Case*, 731 F.3d at 1026-27 (explaining that through its enactment of § 2244(b) "Congress expressly established a two-step 'gate-keeping' mechanism for the consideration of second or successive habeas corpus applications in federal courts" and that "[t]he first gate requires the petitioner make a *prima facie* showing at the circuit level"). If the court of appeals issues an order authorizing the petitioner to file a second or successive petition, the district court must then consider whether any new claims asserted in the petition actually satisfy § 2244(b)'s requirements. *Id.* at 1028. Here, it is clear from the record that Neiberger neither sought nor obtained permission from the Tenth Circuit before he filed the instant petition. Thus, as Pettigrew argues, the instant petition is an unauthorized second § 2254 petition.

Third, the Court agrees that the instant petition should be dismissed for lack of jurisdiction rather than transferred to the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*) (explaining that district court faced with unauthorized second or successive petition may either dismiss the petition for lack of jurisdiction or transfer the matter to the circuit court for authorization under 28 U.S.C. § 1631). As Pettigrew contends, transfer is not warranted because the claims Neiberger asserts in the instant petition more than likely are barred by § 2244(d)(1)'s one-year statute of limitations. Doc. 8, at 10-17. Moreover, given that Neiberger admits he "went to federal court instead of [the] OCCA" because he believes "this is only a federal case," Doc. 1, at 18, it appears Neiberger failed to exhaust available state remedies as to any claims asserted in

the instant petition, as required by § 2254(b)(1)(A). For these reasons, the Court agrees with Pettigrew that dismissal is more appropriate than transfer.[4] *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate).

### III.

Because Neiberger did not obtain the requisite authorization from the Tenth Circuit before filing the instant petition, the Court grants Pettigrew's motion and dismisses the petition, without prejudice, for lack of jurisdiction. And because reasonable jurists would not debate the Court's conclusion that Neiberger's instant petition is an unauthorized second § 2254 petition over which this Court lacks jurisdiction, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion to dismiss (Doc. 7) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is construed as an unauthorized second § 2254 petition and is **dismissed without prejudice** for lack of jurisdiction.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

ORDERED this 28th day of January, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Pettigrew also argues that transfer is unwarranted because Neiberger cannot make the requisite showings to satisfy § 2244(b). Doc. 8, at 17-25. But, as just discussed, that is a question that the Tenth Circuit must decide, in the first instance, if Neiberger seeks authorization to file a second or successive petition. The Court therefore declines to address Pettigrew's arguments on this point.